FLOYD v. SWILER

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 7679. Decided Dec. 6, 1926

313. CORPORATION—In forming a corporation, individuals engaged in the promotion are not responsible for money loaned to the corporation unless they expressly and personally assume to pay said money.

VICKERY, J.

Raymond Floyd brought an action against E. Russell Swiler and one Collins in the Cleve-

land Municipal Court to recover upon a promissory note that Floyd ahd given to one Greenwood. Judgment was in favor of Swiler.

It seems that Floyd was a sort of a promoter and wanted to form a corporation to deal in certain articles and he and some others entered into a written contract with Swiler and Collins that a corporation would be formed and when it was formed it would assume this note for $1000 which Floyd had given to Greenwood. Apparently the note was not paid and so Floyd brings an action against Swiler to recover.

Error was prosecuted from the judgment of the lower court and the Court of Appeals held:

1. The record does not show whether Floyd had paid the note to Greenwood or not; and if his theory of the case is tenable, it probably would not make any difference.

2. Floyd contends that promoters of a corporation are liable to those who contract with the promoters, upon the strength of there being a corporation.

3. No authority is pointed out where, as in the instant case, the corporation afterwards formed assumed it expressly.

4. The record shows that Swiler and Collins refused to sign the first draft of the contract making them personally liable, whereupon the writing upon which this suit is based was made and signed by the various parties.

5. After the corporation was formed, it assumed by its board of directors, and promised to pay this obligation.

6. This is only important in that it carried out the evident intention of the parties and negatives the claim that Swiler and Collins assumed the obligation personally.

7. There was no promoter of the project other than Floyd; but in any event there was no assumption in writing of this obligation by Swiler and Collins that would make them legally responsible.

Judgment affirmed.

(Levine, PJ., and Sullivan, J., concur.)

Attorneys—Berkeley Pearce for Floyd; Snyder, Henry, Thomsen, Ford & Seagrave for Swiler; all of Cleveland.